# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE IN AND FOR SUSSEX COUNTY

NICOLE S. MACKLIN )
)
Appellant, )
)
v. ) C.A. No. CPU6-14-000452
)
)
JENNIFER COHAN, )
DIVISION OF MOTOR VEHICLES )
)
Appellee. )

Submitted: April 22, 2015
Decided: June 2, 2015

*Eric Mooney, Esquire, Attorney for Appellant*
*Mary Page Bailey, Esquire, Attorney for Appellee.*

## DECISION ON APPEAL

**Beauregard, J.**

For the reasons discussed below, Appellant's Appeal from Commissioner's

Report and Recommendation is **DENIED**. The March 17, 2015, Report and

Recommendation of Commissioner Adams on appeal is, therefore, affirmed.

1

## Procedural History

On March 31, 2014, Defendant, Nicole S. Macklin ("Macklin"), appeared before the Delaware Department of Public Safety Division of Motor Vehicles ("DMV") for a hearing to determine, a) whether there was probable cause to believe she was in violation of 21 *Del. C.* § 4177; and b) whether by a preponderance of the evidence she was in violation of Section 4177. On April 15, 2014, the hearing officer issued a written decision that held that the arresting officer had probable cause to arrest Macklin for driving under the influence, and that a preponderance of the evidence showed that Macklin violated Section 4177. The decision by the hearing officer revoked Macklin's driver's license for three months pursuant to 21 *Del. C.* § 2742(c)(1).[1] On May 15, 2014, Macklin filed an appeal of the decision to this Court. On June 5, 2014, Commissioner Adams granted a motion to stay the suspension of Macklin's driver's license.

On March 17, 2015, the Commissioner published a Report and Recommendation ("Commissioner's Report") in which she recommended this Court affirm the findings and conclusions of the hearing officer and to lift the stay on Macklin's license suspension. On March 30, 2015, Macklin filed an appeal of the Commissioner's Report. The State filed a response to Macklin's motion on April 22, 2015.

---

[1] "Upon certification by the police officer that there existed probable cause to believe that the person was in violation of § 4177 of this title or a local ordinance substantially conforming thereto and the person was arrested on that occasion for a violation of § 4177 of this title…the Secretary shall revoke the person's driver's license and/or driving privilege for a period of 3 months for a first time DUI offender…" 21 *Del. C.* § 2742(c)(1).

## Facts

At approximately 12:11 a.m. on November 3, 2013, Corporal Roland Mills was alerted via SUSCOM to a possible drunk driver exhibiting erratic driving in the area of Kendale Road and Plantations Road in Lewes, Sussex County, Delaware. The anonymous call described the vehicle as a Black Jeep Cherokee and gave the license plate number. Corporal Mills responded to the call and positioned his vehicle at the intersection of John J. Williams Highway and Plantations Road facing westbound. After the vehicle passed through the intersection heading south on Plantations Road toward Old Landing Road, Corporal Mills made a U-turn in pursuit of the vehicle. Corporal Mills got behind the vehicle and activated his emergency overhead equipment after the vehicle had made a left-hand turn on Old Landing Road. The vehicle came to a stop on Old Landing Road at a "slight 45-degree angle, partially in the roadway and partially on the shoulder."

Upon contact with Macklin, Corporal Mills smelled an odor of alcohol and asked Macklin whether she had been drinking. Macklin responded that she had "one glass of rum and coke" which was ingested at approximately 10:30 p.m. that night. Corporal Mills, who is National Highway Traffic Safety Administration ("NHTSA") certified, administered the following field sobriety tests: the walk-and-turn test, the horizontal gaze nystagmus test ("HGN"), the one-legged stand balance test, the finger count test, the alphabet test, and the counting test.

3

Mills explained to Macklin that he was looking for clues while administering the test for alcohol induced nystagmus. Macklin provided six "clues" during the HGN test. Macklin also committed several errors during the walk-and-turn test and the one-legged stand test by not following instructions, misstepping, and turning and failing to hold her leg up for the 30 count. In the counting test, Macklin did not follow instructions by counting well beyond the instructed stop point of 53. Macklin performed the finger count test correctly and recited the alphabet test correctly.

Corporal Mills then placed Macklin under arrest and transported her to Troop 7 in Lewes where he administered a blood alcohol test.[2]

A probable cause hearing was held on March 31, 2014. Following the hearing, the hearing officer found that Corporal Mills had probable cause to arrest Macklin for driving under the influence pursuant to 12 *Del. C.* § 4177, and that the State had met its burden by a preponderance of the evidence to find that Macklin had violated Section 4177. Macklin appealed the DMV's decision to this Court.

## Standard of Review

"The scope of review of an appeal from an administrative decision of the Division of Motor Vehicles is limited to correcting errors of law and determining

---

[2] The hearing officer did not consider the blood alcohol test results in her ruling as the State could not prove that the intoxilyzer's reliability was certified prior to the reading.

whether substantial evidence of record exists to support the findings of fact and conclusions of law."[3]

> If substantial evidence exists, this Court "may not re-weigh and substitute its own judgment for that of the Division of Motor Vehicles," because "the hearing officer is in the best position to evaluate the credibility of witnesses and the probative value of real evidence." Findings of the hearing officer will not be overturned so long as they are "sufficiently supported by the record and [are] the product[s] of an orderly and logical deductive process." However, "when the facts have been established, the hearing officer's evaluation of their legal significance may be scrutinized upon appeal."[4]

When reviewing a Commissioner's decision on a case-dispositive determination, the judge of the Court reviews the decision *de novo*. A judge may accept, reject, or modify in whole or in part the findings or recommendations made by the Commissioner.[5]

## Discussion

Macklin sets forth several objections to the Commissioner's Report. First, Macklin argues that the Commissioner's Report improperly references her intoxilyzer results. After stating the reading, the Commissioner's Report immediately acknowledges that the intoxilyzer results were not considered by the DMV in its probable cause analysis as the proper foundation as to the reliability of the intoxilyzer could not be established. Because the reading was not a factor in either the hearing

---

[3] *Eskridge v. Voshell*, 593 A.2d 589, 1991 WL 78471 (Del. 1991).
[4] *Spencer v. Cohan*, 2013 WL 5494718, *2 (Del. Com. Pl. Oct. 1, 2013).
[5] Ct. Com. Pl. Civ. R. 112(A)(4)(iv).

officer's decision or the Commissioner's Report, its inclusion in the report was harmless error.

Second, Macklin argues that the traffic stop did not comport with the requirements under *Bloomingdale v. State*,[6] and thus there was no reasonable articulable suspicion for the stop. Specifically, Macklin argues that *Bloomingdale* requires an anonymous caller to give information as to what the driver was doing or not doing to cause the caller to label them a "possible drunk driver." In addition to corroborative details regarding description of the vehicle and its location, *Bloomingdale* requires that the informant provide sufficient information to support the *inference* that it witnessed a traffic violation that warrants an immediate stop. (emphasis added).[7] In the instant case, the anonymous caller reported a "possible drunk driver." While the caller did not report that the driver committed a specific traffic violation, DUI is a crime codified under 21 *Del. C.* § 4177. Furthermore, the testimony of Corporal Mills before the DMV hearing officer was that he advised Macklin that he was stopping her because someone behind her called 911 about her erratic driving. The caller's detailed description of the vehicle was confirmed and corroborated by Corporal Mills.[8] In this instance, as in *Bloomingdale*, Corporal Mills was permitted to give greater weight and credence to the

---

[6] *Bloomingdale v. State*, 842 A.2d 1212 (Del. 2004).

[7] *Id.* at 1222.

[8] *Id.* ("To support reasonable suspicion for a *Terry* stop, anonymous tips normally should provide sufficient information, such as an accurate description of the vehicle, its license plate number, its location and direction of travel, or other details, to enable the officer to be certain [he] has identified the correct vehicle.")

6

anonymous tip of "erratic driving" and "possible DUI" based on the precise description of the vehicle, Corporal Mills corroboration of the descriptive features of the vehicle and the location of its travel in close temporal proximity to when the report was made.[9] Thus, there was a sufficient inference that the caller witnessed a traffic violation.

Third, Macklin argues that the hearing officer's finding that she was drinking was not supported by the evidence. Macklin argues that her admission that she had one drink was not an admission to drinking, but merely an admission to having one drink prior to being stopped. Based on the testimony of Corporal Mills, it is clear that Macklin admitted to drinking alcohol that evening.

Fourth, Macklin argues that several factual findings by the hearing officer regarding the field tests were in error leading to a conclusion that substantial evidence did not exist to support the hearing officer's conclusion. In her report, the Commissioner points to several well-grounded factual conclusions made by the hearing officer that supported a determination that substantial evidence existed. The Commissioner's Report detailed the numerous problems Macklin had while performing the walk-and-turn test. The Commissioner's Report described Macklin's poor performance in the counting test. The Commissioner's Report also described how

---

[9] *Id.* at 1221 ("[a]n officer…should be permitted to give greater credence to an anonymous report of unsafe driving when it is supported by: (a) the precise description of the vehicle; and (b) the officer's corroboration of the descriptive features of the vehicle and the location of its travel in close temporal proximity to when the report was made").

Macklin provided six clues for the HGN test and swayed, put her foot down, and raised her arms on the one-legged stand test. Thus, despite minor immaterial factual errors in the hearing officer's findings, the sum of the evidence regarding the field tests supports a finding of substantial evidence.

Fifth, Macklin argues that there was no probable cause for the arrest by citing to a recent unpublished Superior Court decision that held that evidence of impaired driving is "very important" in determining probable cause for DUI offenses.[10] This argument ignores the evidence of the 911 call reporting a possible drunk driver and Corporal Mills' testimony that he told Macklin there was a report of erratic driving. Furthermore, Macklin admitted to drinking that evening, had a strong odor of alcohol on her breath, droopy, bloodshot eyes, and exhibited poor performance on the four field sobriety tests. Viewing the evidence in the totality of the circumstances, there was substantial evidence that the officer had probable cause to arrest Macklin for driving under the influence.[11]

Sixth, Macklin argues that the hearing officer, who is untrained in NHTSA, erred by characterizing her performances on certain DUI tests as "pass" or "fail." However, the hearing officer's characterizations came directly from Corporal Mills' testimony. During his testimony, Corporal Mills detailed Macklin's poor performance on the HGN

[10] State v. Timmons, Case No. 13-09-0973, 2, J. Bradley (Del. Super. April 17, 2014).
[11] Lefebvre v. State, 19 A.3d 287, 292-93 (Del. 2011).

8

test, the walk-and-turn test, the one-legged stand test, and the counting test. Corporal Mills summarized Macklin's performance on the field tests by stating she "performed well on some tests and failed numerous other ones."[12] The hearing officer's report refers only to those four tests as failures. The hearing officer's conclusion that the tests were failures was not a product of her own independent determination but was based on a logical inference from Corporal Mills' testimony.

Finally, Macklin argues that the hearing officer's finding that Macklin violated Section 4177 by a preponderance of the evidence was incorrect. Given the numerous legitimate factual findings in the hearing officer's report – the anonymous tip of a possible DUI and erratic driving, parking the vehicle at a 45-degree angle partially in the roadway, the poor performance on various field tests, the odor of alcohol and bloodshot, droopy eyes, and the admission to drinking – it is clear there was substantial evidence to support the finding of a violation of Section 4177.

## Conclusion

The Commissioner's Report and Recommendation correctly found that substantial evidence existed to support the DMV's conclusion that Appellant was driving under the influence of alcohol. Appellant's appeal of the Commissioner's Report and Recommendation is **DENIED**, and the stay on Appellant's driver's license suspension is lifted.

---

[12] *In Re Macklin*, Hearing Transcript, at 27 (March 31, 2014).

**IT IS SO ORDERED** this 2nd day of June, 2015.

The Honorable Rosemary Beauregard